**MANATT, PHELPS & PHILLIPS, LLP**
CHRISTINE M. REILLY (CA Bar # 226388)
E-mail: CReilly@Manatt.com
CODY A. DECAMP (CA Bar # 311327)
E-mail: CDeCamp@Manatt.com
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Telephone:   310.312.4000
Facsimile:   310.312.4224

BEZALEL A. STERN (*Pro Hac Vice Forthcoming*)
E-mail: BStern@Manatt.com
1050 Connecticut Ave. NW
Suite 600
Washington, DC 20036
Telephone: (202) 585-6500
Fax: (202) 585-6600

*Attorneys for Defendants*
Atlas Marketing Partners, Inc.; Atlas Investment Ventures LLC; Tek Ventures, LLC d/b/a Provident Solutions; Eric Petersen; and Todd DiRoberto

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STRATICS NETWORKS INC., et al.,<br><br>Defendants. | No.   3:23-cv-00313-BAS-KSC<br><br>**UNOPPOSED MOTION TO EXTEND TIME TO RESPOND AND FOR AN ORDER EXTENDING PAGE LIMITS**<br><br>Courtroom: 12B<br>Judge: Cynthia A. Bashant<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Defendants Atlas Marketing Partners, Inc., Atlas Investment Ventures LLC, Tek Ventures, LLC d/b/a Provident Solutions, Eric Petersen, and Todd DiRoberto (collectively "the Atlas Defendants"), for themselves and with the consent of Plaintiff, the United States of America, ("Plaintiff," and together with the Atlas Defendants, the "Parties"), and pursuant to Fed. R. Civ. P. 6(b) and S.D. Cal. Local Rules 12.1 and 7.1h, hereby move the Court for an order extending the time to respond to Plaintiff's Complaint by an additional seven (7) days and to extend the permitted length of the Atlas Defendants' forthcoming Motion to Dismiss by an additional fifteen (15) pages.

On February 16, 2023, Plaintiff initiated this action, filing a 33-page Complaint (ECF No. 1) alleging, *inter alia*, that the Atlas Defendants violated Section 5(a) of the FTC Act and the Telemarketing Sales Rule by delivering ringless voicemails to consumers without their consent, misrepresenting material aspects of a debt relief service, and by charging consumers an advanced fee in connection with debt relief offerings (*see* ECF No. 1).

The Atlas Defendants dispute these allegations, and intend to file a robust Motion to Dismiss. The Atlas Defendants waived service of summons, which waiver was filed with the Court on March 17, 2023 (ECF No. 7), putting the Atlas Defendants' initial responsive pleading deadline on April 17, 2023. Given the complexity of the issues involved in the case, the Parties stipulated to an additional extension of time to respond by thirty (30) days up to and including May 17, 2023 (ECF No. 9). This became the order of the Court on April 12, 2023 (ECF No. 15).

**The Atlas Defendants Request Additional Time to Respond to the Complaint**

The Atlas Defendants request, and Plaintiff consents to, an additional seven (7) days to respond to Plaintiff's Complaint, up to and including **May 24, 2023**. Good cause exists for the requested extension. Lead counsel for the Atlas Defendants

suffered the death of a close family member on May 10, 2023. Counsel is currently occupied making arrangements relating to this passing. This modest extension is made in good faith and not for the purposes of delay, and is sought given the extraordinary circumstances presented.

### The Atlas Defendants Seek An Order Extending the Page Limits on Their Forthcoming Motion to Dismiss

S.D. Cal. Local Rule 7.1h provides that "[b]riefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion."

Accordingly, the Atlas Defendants seek permission to file a memorandum of law in support of its Motion to Dismiss of up to forty (40) pages. Good cause exists for this requested relief, which Plaintiff has consented to.

Plaintiff's Complaint includes several issues of first impression. This action is the first enforcement proceeding under the Telemarketing Sales Rule concerning ringless voicemail brought by the Department of Justice on the FTC's behalf. Whether ringless voicemail technology is regulated by the TSR is a novel issue. Many of the arguments the Atlas Defendants will make in their Motion to Dismiss are similarly novel, requiring space and time to fully develop. Defendants' Motion will raise a variety of statutory and constitutional issues, including, by way of example: Due Process, fair notice, 15 U.S.C. § 45(m)(1)(A)'s heightened knowledge requirements, issues of adjudication versus rulemaking processes, and whether there was proper authority to bring this enforcement action. Each of these will require significant briefing, including briefing on relevant legislative and regulatory history, in connection with issues of first impression.

The Atlas Defendants therefore request that the Court extend the page limit for their anticipated Motion to Dismiss by fifteen (15) pages. Should Plaintiff desire a

similar extension of time or of length for their responsive brief, the Atlas Defendants would consent to such request. Defendants have conferred with Plaintiff on this issue, and Plaintiff consents to the requested relief.

The Atlas Defendants therefore respectfully requests that the Court grant the instant motion, enter an order extending the page limits on the Atlas Defendants' Motion to Dismiss by 15 pages, and extending Defendants' time to respond to the Complaint by a further seven days, up to and including May 24, 2023.

A proposed order has been submitted contemporaneously herewith.

Dated: May 11, 2023                    Respectfully submitted,


By: /s/ Christine M. Reilly
Christine M. Reilly
MANATT, PHELPS & PHILLIPS LLP

*Counsel for Defendants*
Atlas Marketing Partners, Inc., Atlas Investment Ventures LLC, Tek Ventures, LLC d/b/a Provident Solutions, Eric Petersen, and Todd DiRoberto