UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br>STRATIC NETWORKS, INC. et al.,<br><br>                                Defendants. | Case No.:  23-cv-313-BAS-KSC<br><br>**ORDER FOLLOWING JOINT DISCOVERY STATEMENT** |

On April 21, 2025, plaintiff, the United States of America, and defendants Atlas Investment Ventures LLC, Tek Ventures, LLC, Eric Peterson, Todd DiRoberto, and Atlas Marketing Partners, Inc. (collectively referred to as "Atlas") lodged a discovery letter and exhibits, pursuant to the undersigned's Chambers Rules. Doc. No. 158. After review of that submission, the Court ORDERS:

**I.      Atlas' Amended Privilege Log**

Atlas' March 20, 2025 Amended Privilege Log is so lacking in detail the Court cannot assess the applicability of the claimed privileges. It also still does not meet the Court's minimum requirements. *See Mag. J. Karen S. Crawford Civ. Chambers R.* IX. (S.D. Cal., Mar. 26, 2025). Necessary but missing information includes:

1) the party(ies) asserting the privilege;

    2) the documents' author(s), and the relationship of this individual to the party(ies) asserting the privilege;

    3) the primary addressee(s), and the relationship of these individual(s) to the party(ies) asserting the privilege as well as the document's author;

    4) any secondary addressee(s), and the relationship of these individual(s) to the party(ies) asserting the privilege as well as the document's author;

    5) any other individual(s) to whom the document was disseminated, and the relationship of that person(s) to the party(ies) asserting the privilege as well as the document's author; and

    6) an identification and description of any attachments.

Atlas must produce to plaintiff and the Court a second Amended Privilege Log that includes this information and otherwise complies with Section IX of the Court's Chambers Rules on or before **April 30, 2025**.

This is the second time the Court has ordered Atlas to amend their privilege log because they did not comply with the Court's minimum requirements or describe "[t]he nature of the documents, communications, or tangible things ... in a manner that ... will enable other parties to assess the claim of privilege." Doc. Nos. 138 (citation omitted), 139. The Court, therefore, takes this opportunity to remind Atlas "[t]he party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988). This burden includes demonstrating the lack of a waiver. *United States v. Martin*, 278 F.3d 988, 999–1000 (9th Cir. 2002). "**[F]ailure to provide sufficient information to support the privilege may constitute waiver of the privilege.**" *Saldana v. Roberts*, No. 24-CV-00895-DSF-AJR, 2025 WL 675429, at *2 (C.D. Cal. Mar. 3, 2025) (emphasis added)

//
//
//

## II. Atlas' Response Regarding Document Production

Atlas' Response Regarding Document Production complies with the Court's March 7, 2025 Order. Doc. No. 139.

**IT IS SO ORDERED**

Dated: April 24, 2025

Hon. Karen S. Crawford
United States Magistrate Judge