# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STRATICS NETWORKS INC., *et. al*,<br><br>Defendants. | Case No. 23-cv-00313-BAS-KSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO SEAL (ECF Nos. 202, 205)** |

Presently before the Court are Plaintiff United States of America's ("Plaintiff") motions to seal. (ECF Nos. 202, 205.) For the reasons below, the Court **GRANTS** Plaintiff's motions (ECF Nos. 202, 205).

## I. BACKGROUND

On February 16, 2023, Plaintiff initiated this action against Defendants ACE Business Solutions LLC, Atlas Investment Ventures LLC, Atlas Marketing Partners, Inc., Sandra Barnes, Todd DiRoberto, Kurt Hannigan, Netlatitude, Inc., Eric Petersen, Tek Ventures, LLC, Kenan Azzeh, Kasm, and Stratics Networks Inc. (ECF No. 1.) Plaintiff alleged various causes of action for violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Telemarketing Sales Rule, 16 C.F.R. § 310.2. (*Id.*)

On February 23, 2023, Plaintiff and Defendants Kasm and Kenan Azzeh entered into a joint stipulated order terminating the case against Defendants Kasm and Kenan Azzeh.

(ECF No. 4.) On March 6, 2024, the Court granted (ECF No. 71) Stratics' motion to dismiss (ECF No. 50) with prejudice, but denied Defendants Atlas Investment Ventures LLC's and Atlas Marketing Partners, Inc.'s motion to dismiss (ECF No. 45) and Defendant Ace's motion to dismiss (ECF No. 42). Eventually, in September and October of 2025, Plaintiff (ECF Nos. 204, 213) and the majority of remaining Defendants filed motions for summary judgment—including Defendants ACE Business Solutions, LLC and Sandra Barnes (ECF No. 197), Defendant Atlas Marketing Partners, Inc. (ECF No. 199), Defendant Tek Ventures, LLC (ECF No. 200), Defendant Atlas Investment Ventures, LLC (ECF No. 201), and Defendants Todd DiRoberto and Eric Petersen (ECF No. 209).

Plaintiff filed motions to seal accompanying its motion for summary judgment. (ECF Nos. 202, 205) and properly lodged the documents to be sealed on the docket (ECF Nos. 203, 206). Defendants Ace Business Solutions, LLC and Sandra Barnes ("Ace Defendants") filed a response (ECF No. 211) in support of Plaintiff's request to seal Exhibit 100 (containing Defendant Sandra Barnes' personal financial data) (ECF No. 202). Defendants Atlas Investment Ventures LLC, Atlas Marketing Partners, Inc., Todd DiRoberto, Eric Petersen, and Tek Ventures, LLC ("Atlas Defendants") filed a response (ECF No. 215) in support of Plaintiff's request to seal Plaintiff's Exhibits 5, 6, 7 (containing balances sheets including Atlas Defendants' and its shareholders' financial data).

Presently, the Court evaluates the merits of Plaintiff's motions to seal Exhibits 5, 6, 7, and 100; and to redact (ECF Nos. 202, 205) certain portions of Plaintiff's memoranda in support of its motions for summary judgment (ECF Nos. 204-1, 213-1).[1] Prior to filing its motions, Plaintiff had met and conferred with Ace Defendants and Atlas Defendants, who agreed to the proposed sealings. (*Id.*) Plaintiff's later motion to seal (ECF No. 205) also

---

[1] Plaintiff had filed one memorandum in support of its initial motion for summary judgment (ECF Nos. 204, 204-1). Then, Plaintiff realized it made typographical errors and later filed a renewed motion for summary judgment and accompanying memorandum correcting those errors (ECF Nos. 213, 213-1). The Court accepted Plaintiff's renewed motion for summary judgment. (ECF No. 219.)

indicates that references to sealable exhibits should be redacted in Plaintiff's renewed memorandum in support of its summary judgment motion (*see* ECF No. 213-1).

## II.  LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98.  When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin

data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g., Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Similarly, it is not enough to "mention[] a general category of privilege, without any further elaboration or any specific linkage with the documents." *Id*. at 1184. A blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist*., 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of the "relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's Standing Order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases § 5. These procedures limit sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id*. Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible, a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp*., No. 11-cv-00410-YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

### III.   ANALYSIS

#### A.   Procedural Requirements

##### 1.   Requirement for Parties to Confer and Submit Responses to Support Relevant Motions to Seal

The Court's Standing Order notes, "[t]he fact that both sides agree to seal a document or that a stipulated protective order was issued is insufficient cause for sealing." Standing

Order § 5.A ("§ 5.A"). "Parties often seek to seal a document only because another party designated the document as sensitive under a protective order . . . [i]n these circumstances, the moving party must first meet and confer with the designating party to determine whether the designating party maintains that any portion of the document must be filed under seal." *Id*. Then, "the designating party must file a response to the sealing motion within seven days that satisfies the sealing standard . . . If no response is filed, the Court may order that the document be filed in the public record." *Id*.

As mentioned, Plaintiff moves to seal Exhibit 100 of the Declaration of Daniel J. Petrokas ("Exhibit 100"), in connection with its Motion for Summary Judgment. (ECF No. 202 ¶ 1.) Ace Defendants, as the Parties designating Exhibit 100 as "confidential" (ECF No. 97) have properly responded to Plaintiff's motion to seal (ECF No. 202). (ECF No. 211.) Plaintiff also moves to seal Exhibits 5, 6, and 7 to the Declaration of Daniel J. Petrokas ("Exhibits 5, 6, and 7"), which are balance sheets produced by Atlas Defendants. (ECF No. 202 ¶ 2.) Atlas Defendants, as the Parties designating Exhibits 5, 6, and 7 as confidential, have also properly responded to Plaintiff's motion to seal (ECF No. 202). (ECF No. 215.) As such, the Court finds that § 5.A does not necessitate the dismissal of Plaintiff's motion to seal (ECF No. 202).

### 2. Requirement to Publicly File Copies of Documents with Proposed Redactions

As mentioned, the documents Plaintiff seeks to redact are correctly lodged on the public docket. (ECF Nos. 203, 206). Accordingly, the Court now turns to the merits of Plaintiff's motion to seal. (ECF No. 202.)

## B. Compelling Reasons

### 1. Related Documents More Than Tangentially Related to Merits

Plaintiff's proposed documents to seal (ECF Nos. 202, 205) are filed in connection with Plaintiff's motions for summary judgment (ECF Nos. 204, 213) and are relevant for determining the merits of this case. *See Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-CV-555-L-NLS, 2018 WL 11457880, at *1 (S.D. Cal. Nov. 5, 2018) ("The

compelling reasons standard applies to all motions except those that are only 'tangentially related to the merits of a case.'. . . Defendants' summary judgment motion is more than tangentially related to the merits") (citing *Kamakana*, 447 F.3d at 1179). As such, the Court finds Plaintiff's motion to seal (ECF No. 204) is subject to the "compelling reasons" standard in *Kamakana*, 447 F.3d at 1179.

### 2. "Compelling Reasons" Legal Standard

Preventing the release of trade secrets generally constitutes a compelling reason to seal such documents. *Kamakana,* 447 F.3d at 1179; *see also Nixon,* 435 U.S. at 598 (observing that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing"); *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1226–28 (Fed.Cir.2013) (holding that under Ninth Circuit law, detailed product-specific information and internal reports are appropriate to seal under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage).

A "trade secret may consist of any formula, pattern, device or compilation of information which is used in [the party]'s business, and which gives [the party] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (citing *Restatement of Torts* § 757, cmt. B); *see also Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir.1972) (adopting the Restatement definition and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret); *Whyte v. Schlage Lock Co.,* 101 Cal.App.4th 1443, 1455-56, 125 Cal.Rptr.2d 277 (2002).

Even if proposed material for sealing does not constitute a trade secret, it may still be sealable as confidential business information. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding sealable "business information that might harm a litigant's competitive standing"); *see also Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon,* 435 U.S. at 598–599) ("sources of business information that might harm a litigant's competitive standing" are subject to sealing); *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017

WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *see also Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 21-MC-80159-JSC, 2021 WL 3473937, at *1 (N.D. Cal. July 29, 2021) ("confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' is sealable").

In addition, courts within this Circuit have commonly held that "personally identifiable information" or "PII" should be sealed to protect individual person's privacy and to safeguard individuals against risk of improper use upon disclosure. *See Morton v. Cnty. of San Diego*, No. 21-CV-1428-MMA-DDL, 2024 WL 3205395, at *1 (S.D. Cal. June 26, 2024); *see also Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including a home address, phone number, and email address).

Courts within this Circuit have also regularly sealed "'information such as IRS filings and tax returns of particular individuals' . . . even under the higher compelling reasons standard," if the information is not relevant to the claims at issue. *Wang v. Kahn*, 2022 WL 14814116, at *1 (N.D. Cal. Oct. 25, 2022) (quoting *Hall v. Cultural Care USA*, 2022 WL 2905353, at *10 (N.D. Cal. July 2022)); *see also Delashaw v. Seattle Times Co.*, 2020 WL 6818720, at * (W.D. Wash. May 28, 2020) (denying application to seal tax returns relevant to the plaintiff's claims but granting application to seal irrelevant tax returns pursuant to public policy of encouraging taxpayers to file accurate returns); *Lindsey v. Elsevier Inc.*, 2017 WL 4518483, at *6 (S.D. Cal. Oct. 10, 2017) ("[A] public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.") (quoting *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)).

Importantly, under the "compelling reasons" standard, "[t]he proponent of sealing bears the burden with respect to sealing. . . [a] failure to meet that burden means that the default posture of public access prevails." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, [also] does not satisfy the [sealing] burden." *Kamakana*, 447 F.3d at 1184. Likewise, "an unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." *Cyprus Semiconductor Corp.*, 2020 WL 11567020, at *2 (quoting *Hodges v. Apple, Inc.*, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)) (internal quotation marks and alterations omitted).

### 3. "Narrowly Tailored" Legal Standard

"Only those documents, or portions thereof, necessary to protect such sensitive information" may be sealed. Standing Order § 5.A. As such, whenever possible, the proponent of sealing must redact only what is necessary. *See Kamakana*, 447 F.3d at 1183; *Murphy*, 2012 WL 1497489, at *2–3. Redactions must be narrowly tailored such that only information that meets the compelling reasons standard is redacted. *See Kamakana*, 447 F.3d at 1183 (highlighting the "limited and clear" nature and specificity of the redactions); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DL, 2023 WL 7029210, at *4 (S.D. Cal. Oct. 24, 2023) (rejecting redactions that were insufficiently tailored).

### 4. Analysis of Compelling Reasons

#### i. Exhibits 5, 6, and 7 – Atlas Defendants' Company Financial Data

A company's financial data that is "not readily ascertainable from a public source but instead developed with a substantial amount of time, effort, and money" may be sealable as a trade secret. *Yeiser Rsch. & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1046 (S.D. Cal. 2017). Even if a company's financial data is not sealable as a trade secret, courts in this Circuit have applied the "compelling reasons" standard to find such information to be sealable as confidential business information that could harm companies'

competitive standing if revealed. *Brown v. Brown*, No. CV 13-03318 SI, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (granting sealing "information about the profits, losses, income, investments, and expenses that derive from financial statements and ledgers of two privately held companies" under the "compelling reasons" standard); *see also Hodges v. Apple Inc.*, No. 13CV01128WHOWHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013), 2013 U.S. Dist. LEXIS 164674, at *7 (N.D. Cal. Nov. 18, 2013) (granting motion to seal a "spreadsheet contain[ing] [Apple's] financial information" under the "compelling reasons" standard).

Here, Exhibits 5, 6, and 7 contain Atlas Investment's company bank accounts amounts, expenses, and pension amounts payable to its employees, and shareholder contribution and distribution information. Plaintiff has indicated it has "no position" on whether such information constitutes "confidential financial information" (ECF No. 202 ¶¶ 2, 3). Atlas Defendants have argued that such information should be sealed since it is not typically publicly revealed and would harm Atlas Investments' competitive standing if publicly revealed (ECF No. 215 at 5:16-19). As such, the Court finds that as the "proponent of sealing," Atlas Defendants have demonstrated "compelling reasons" for sealing confidential company financial data in Exhibits 5, 6, and 7. *See Kamakana*, 447 F.3d at 1182.

### ii. Exhibits 5, 6, 7 and 100 – Defendant Barnes' and Atlas Shareholders' Personal Financial Data

As previously discussed, courts have sealed individuals' PII in favor of individuals' privacy interests. *See e.g., Benedict*, 2014 WL 233827, at *3 (granting motion to seal personal information, including a home address, phone number, and email address). Courts have granted sealing individuals' financial information as similarly important for preserving their privacy interests. *See F.D.I.C. v. Tarkanian*, No. 10CV980-WQH-BGS, 2012 WL 1327856, at *2 (S.D. Cal. Apr. 17, 2012) (finding compelling reasons for sealing "personal financial information" because it might "become a vehicle for improper purposes in the hands of business competitors or private citizens"); *see also Canchola v. Allstate Ins.*

*Co.*, No. 8:23-CV-00734-FWS-ADS, 2024 WL 5275024, at *6 (C.D. Cal. Oct. 8, 2024) (same). In addition, courts have regularly sealed individuals' tax information when not relevant to the merits of the case. *See e.g.*, *Wang*, 2022 WL 14814116, at *1.

Here, Ace Defendants argue that Exhibit 100 should be sealed since it contains Defendant Barnes' personal financial information, including "a recitation of her assets, such as the value of her 401(k) retirement savings plan, her interests (based on the administration of her deceased husband's estate) in various real estate holdings and vehicles, and other business interests and accounts wholly unrelated to the work that Ace performed for Defendant Tek Ventures d/b/a Provident Solutions." (ECF No. 211 at 6:14-16.) Further, Atlas Defendants argued that Exhibits 5, 6, and 7 contain shareholders' personal financial information that is not typically revealed to the public and could result in harm upon public disclosure (ECF No. 215 at 5:16-19).

Plaintiff has indicated it has "no position" on whether any of the above information should be sealable under the "compelling reasons" standard. (ECF No. 202 ¶ 3). As such, Ace Defendants are the "proponent[s] of sealing" Defendant Barnes' personal financial data in Exhibit 100, and Atlas Defendants are the "proponent[s] of sealing" Atlas shareholders' personal financial data in Exhibits 5, 6, 7.

Having reviewed Exhibits 5, 6, 7, and 100, the Court finds the personal financial information here appear unrelated to the merits of the case—factoring towards sealing that information. *See Wang*, 2022 WL 14814116, at *1. Since courts have found individuals to possess significant privacy interests in their financial information warranting sealing, *See F.D.I.C.*, 2012 WL 1327856, at *2, the Court finds Ace Defendants and Atlas Defendants have demonstrated compelling reasons to seal personal financial data contained in Exhibits 5, 6, 7, and 100.

### iii. Redactions of References to Exhibits 5, 6, 7, and 100 in Plaintiff's Memoranda in Support of Summary Judgment

Plaintiff's initial memorandum in support of their motions for summary judgment (ECF No. 204-1) contain references to Exhibits 5, 6, 7, and 100, which Plaintiff indicates

should be redacted if those exhibits are sealable (ECF No. 202 ¶ 3). Plaintiff's later motion to seal (ECF No. 205) also moves to redact portions of Plaintiff's renewed memorandum in support of its summary judgment motion that reference Exhibits 5, 6, 7, and 100 (*see* ECF No. 213-1). As such, the Court evaluates those sealing requests together. For the same reasons the Court found that Ace Defendants and Atlas Defendants demonstrated compelling reasons to seal Exhibits 5, 6, 7 and 100, the Court finds compelling reasons to seal the text referencing those exhibits in Plaintiffs memoranda in support of their motions for summary judgment. (*See* ECF Nos. 205, 213, 213-1.)

### 4. Analysis of Narrow Tailoring

First, since Exhibits 5, 6, 7, and 100 only consist of sealable information (*i.e.*, company and personal financial data), sealing those exhibits in their entirety is appropriate. *See Kamakana*, 447 F.3d at 1183. Additionally, having reviewed Plaintiff's original memorandum in support of summary judgment (ECF No. 204-1) and its renewed memorandum in support of summary judgment (ECF No. 213-1), the Court finds that the proposed redactions are "narrowly tailored" to only reference sealable exhibits. *See Kamakana*, 447 F.3d at 1183.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's motions to seal in Exhibits 5, 6, 7, and 100 in their entirety and to seal portions of Plaintiff's memoranda in support of summary judgment (ECF Nos. 204-1, 213-1). (ECF Nos. 202, 205.) Further, the Clerk of Court shall **ACCEPT** and **FILE UNDER SEAL** any documents accompanying ECF Nos. 202, 203, 206.

**IT IS SO ORDERED.**

**DATED: December 17, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court