**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STRATICS NETWORKS INC., A CORPORATION, *et al*.,<br><br>Defendants. | Case No. 23-cv-00313-BAS-KSC<br><br>**ORDER:**<br>    **(1) VACATING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 204);**<br><br>    **(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL (ECF No. 233); AND**<br><br>    **(3) GRANTING JOINT MOTION FOR EXTENSION OF TIME TO FILE JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS (ECF No. 253)** |

For the reasons discussed by below, the Court: (1) **VACATES AS MOOT** Plaintiff United States of America's motion for summary judgment (ECF No. 204); (2) **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to seal (ECF No. 233); and (3) **GRANTS** Parties' joint motion for extension of time to file joint statement of undisputed material facts (ECF No. 253).

**I.      MOTION FOR SUMMARY JUDGMENT (ECF No. 204)**

- 1 -

23cv313

On October 10, 2025, the Court granted Parties' joint motion to replace Plaintiff's motion for summary judgment filing.  (ECF No. 212.)  Plaintiff subsequently filed a corrected motion for summary judgment.  (ECF No. 213.)  Accordingly, the Court **VACATES AS MOOT** Plaintiff's prior motion for summary judgment.  (ECF No. 204.)

## II.     MOTION TO SEAL (ECF No. 233)

### A.     Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101.  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98.  When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies.  *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447

23cv313

F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g., Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Similarly, it is not enough to "mention[] a general category of privilege, without any further elaboration or any specific linkage with the documents." *Id*. at 1184. A blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist*., 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of the "relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's Standing Order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases § 5. These procedures limit sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id*. Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible, a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp*., No. 11-cv-00410-YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

**B.    Compelling Reasons**

**1.    Related Documents More Than Tangentially Related to Merits**

- 3 -

Plaintiff's proposed document to seal, Exhibit 150 (*see* ECF No. 233), is discussed in Plaintiff's memorandum in support of Plaintiff's opposition to Atlas Defendants' motions for summary judgment (ECF No. 234).   Thus, Exhibit 150 is relevant for determining the merits of this case.  *See Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-CV-555-L-NLS, 2018 WL 11457880, at *1 (S.D. Cal. Nov. 5, 2018) ("The compelling reasons standard applies to all motions except those that are only 'tangentially related to the merits of a case.'. . .  Defendants' summary judgment motion is more than tangentially related to the merits") (citing *Kamakana*, 447 F.3d at 1179).  As such, the Court finds Plaintiff's motion to seal (ECF No. 233) is subject to the "compelling reasons" standard in *Kamakana*, 447 F.3d at 1179.

### 2.   "Compelling Reasons" Legal Standard

Preventing the release of trade secrets generally constitutes a compelling reason to seal such documents.  *Kamakana,* 447 F.3d at 1179; *see also Nixon,* 435 U.S. at 598 (observing that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing"); *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1226–28 (Fed.Cir.2013) (holding that under Ninth Circuit law, detailed product-specific information and internal reports are appropriate to seal under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage). A "trade secret may consist of any formula, pattern, device or compilation of information which is used in [the party]'s business, and which gives [the party] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (citing *Restatement of Torts* § 757, cmt. B); *see also Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir.1972) (adopting the Restatement definition and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret); *Whyte v. Schlage Lock Co.,* 101 Cal.App.4th 1443, 1455-56, 125 Cal.Rptr.2d 277 (2002).

Even if proposed material for sealing does not constitute a trade secret, it may still be sealable as confidential business information.  *See In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding sealable "business information that might harm a litigant's competitive standing"); *see also Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon,* 435 U.S. at 598–599) ("sources of business information that might harm a litigant's competitive standing" are subject to sealing); *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *see also Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 21-MC-80159-JSC, 2021 WL 3473937, at *1 (N.D. Cal. July 29, 2021) ("confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' is sealable").

In addition, courts within this Circuit have commonly held that "personally identifiable information" or "PII" should be sealed to protect individual person's privacy and to safeguard individuals against risk of improper use upon disclosure.  *See Morton v. Cnty. of San Diego*, No. 21-CV-1428-MMA-DDL, 2024 WL 3205395, at *1 (S.D. Cal. June 26, 2024); *see also Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including a home address, phone number, and email address). Courts within this Circuit have also regularly sealed "'information such as IRS filings and tax returns of particular individuals' . . . even under the higher compelling reasons standard," if the information is not relevant to the claims at issue.  *Wang v. Kahn*, 2022 WL 14814116, at *1 (N.D. Cal. Oct. 25, 2022) (quoting *Hall v. Cultural Care USA*, 2022 WL 2905353, at *10 (N.D. Cal. July 2022)); *see also Delashaw v. Seattle Times Co.*, 2020 WL 6818720, at * (W.D. Wash. May 28, 2020) (denying application to seal tax returns relevant to the plaintiff's claims but granting application to seal irrelevant tax returns

pursuant to public policy of encouraging taxpayers to file accurate returns); *Lindsey v. Elsevier Inc.*, 2017 WL 4518483, at *6 (S.D. Cal. Oct. 10, 2017) ("[A] public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.") (quoting *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)).

Importantly, under the "compelling reasons" standard, "[t]he proponent of sealing bears the burden with respect to sealing. . . [a] failure to meet that burden means that the default posture of public access prevails." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, [also] does not satisfy the [sealing] burden." *Kamakana*, 447 F.3d at 1184. Likewise, "an unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." *Cyprus Semiconductor Corp.*, 2020 WL 11567020, at *2 (quoting *Hodges v. Apple, Inc.*, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)) (internal quotation marks and alterations omitted).

### 3.   "Narrowly Tailored" Legal Standard

"Only those documents, or portions thereof, necessary to protect such sensitive information" may be sealed. Standing Order § 5.A. As such, whenever possible, the proponent of sealing must redact only what is necessary. *See Kamakana*, 447 F.3d at 1183; *Murphy*, 2012 WL 1497489, at *2–3. Redactions must be narrowly tailored such that only information that meets the compelling reasons standard is redacted. *See Kamakana*, 447 F.3d at 1183 (highlighting the "limited and clear" nature and specificity of the redactions); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DL, 2023 WL 7029210, at *4 (S.D. Cal. Oct. 24, 2023) (rejecting redactions that were insufficiently tailored).

### 4.   Analysis of Compelling Reasons

Plaintiff filed a motion to seal certain exhibits (ECF No. 233); and Defendants Atlas Marketing Partners, Inc., Atlas Investment, LLC, Tek Ventures, LLC, dba Provident

23cv313

Solutions, Todd DiRoberto, and Eric Petersen (collectively "Atlas Defendants") responded in support of Plaintiff's motion to seal.  (ECF No. 238.)

In the motion to seal (ECF No. 233), Plaintiff requests the Court to evaluate whether: (1) Exhibit 150 of the Declaration of Daniel J. Petrokas (ECF No. 234-1) should be filed under seal in its entirety, and (2) Plaintiff's memorandum of points and authorities in opposition to Atlas Defendants' motions for summary judgment (ECF No. 234) should be redacted where it mentions Exhibit 150.  Atlas Defendants move in support of sealing Exhibit 150 and redacting relevant portions of Plaintiff's memorandum.  (ECF No. 238.)

### i.    Exhibit 150

Courts have sealed individuals' PII in favor of individuals' privacy interests.  *See e.g., Benedict*, 2014 WL 233827, at *3 (granting motion to seal personal information, including a home address, phone number, and email address).  Courts have granted sealing individuals' financial information as similarly important for preserving their privacy interests.  *See F.D.I.C. v. Tarkanian*, No. 10CV980-WQH-BGS, 2012 WL 1327856, at *2 (S.D. Cal. Apr. 17, 2012) (finding compelling reasons for sealing "personal financial information" because it might "become a vehicle for improper purposes in the hands of business competitors or private citizens"); *see also Canchola v. Allstate Ins. Co*., No. 8:23-CV-00734-FWS-ADS, 2024 WL 5275024, at *6 (C.D. Cal. Oct. 8, 2024) (same).  In addition, courts have regularly sealed individuals' tax information when not relevant to the merits of the case.  *See e.g., Wang*, 2022 WL 14814116, at *1.

Here, Atlas Defendants argue that Exhibit 150 should be sealed since it is an email containing "shareholders contributions, retirement account information, and education saving account information" of Defendants DiRoberto and Petersen, and constitutes confidential personalized tax advice that is not typically shared with the public.  (ECF No. 238 at 6:18-24.)  Plaintiff states it "does not see any good cause or compelling reasons to seal [Exhibit 150] and [relevant] portions of Plaintiff's Memorandum sufficient to overcome the presumptive right of public access, but reserves the right to file a reply to Defendants' responses."  (ECF No. 233 at 2:21-24.)  As such, Atlas Defendants are the

23cv313

"proponent[s] of sealing" Defendant DiRoberto's and Petersen's personal financial data in Exhibit 150, and Atlas Defendants are the "proponent[s] of sealing" Atlas shareholders' personal financial data in Exhibit 150.

Unlike Exhibits 5, 6, and 7, which the Court previously granted Defendants' requests to seal (*see* ECF No. 226), Exhibit 150 contains a mix of numerical values and expository analysis of Defendants' personal financial data.  On the one hand, the Court finds the numerical values in the personal data are unnecessary for determining the merits of the case—factoring towards sealing that information. *See Wang*, 2022 WL 14814116, at *1.  Since courts have found individuals to possess significant privacy interests in their financial information warranting sealing, *See F.D.I.C.*, 2012 WL 1327856, at *2, the Court finds Atlas Defendants have demonstrated compelling reasons to seal personal financial data contained in Exhibit 150.

On the other hand, the Court finds that expository analysis of Defendants DiRoberto's and Petersen's tax contributions in Exhibit 150 is relevant for determining the merits of the present case.  Though tax records are declared confidential by the Internal Revenue Code ("IRC"), *see* 26 U.S.C. § 6103(a), the IRC also permits tax information to be revealed where the taxpayer is party to a judicial proceeding and the treatment of certain tax information is related to the resolution of an issue in a proceeding, *see* 26 U.S.C. § 6103(h)(4)(A)-(B).  Here, expert analysis of Defendants DiRoberto's and Petersen's tax contributions as unusual financial activity is relevant for determining whether the other Atlas Defendants acted as a common enterprise for purposes of liability under the Federal Trade Commission Act, 15 U.S.C. § 45(a).  (*See* ECF No. 234 at 9:8-17, 31:21-16).  Thus, sealing the entirety of Exhibit 150 would not be "narrowly tailored," as required by *Kamakana*, 447 F.3d at 1183.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Atlas Defendants' request to seal Exhibit 150, by redacting only specific dollar amounts and numerical values in Exhibit 150.  *Cf In re NCAA Student-Athlete Name & Likeness Licensing Litig.,* No. C 09-1967 CW, 2014 WL 662545, at *1 (N.D. Cal. Feb. 20, 2014)

23cv313

("only specific dollar amounts" may be sealed, even though the public disclosure of the entire term could harm party's competitive business standing).  (*See* ECF Nos. 233, 238.)

### iii.    Plaintiff's Memoranda in Support of Opposition to Atlas Defendants' Motion for Summary Judgment

Given that Plaintiff's memorandum in support of its opposition to Atlas Defendants' motion for summary judgment (ECF No. 234 at 9:8-17) does not contain any of the specific dollar amounts or numerical values in Exhibit 150, the Court **DENIES** Atlas Defendants' request to redact Plaintiff's references to Exhibit 150 in its memorandum.  (*See* ECF Nos. 233, 238.)

* * *

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Atlas Defendants' request to seal Exhibit 150, by redacting only specific dollar amounts and numerical values relating to Defendants DiRoberto's and Petersen's tax contributions.  (ECF No. 233.)  Further, the Court **DENIES** redacting portions of Plaintiff's memorandum in support of its opposition to Atlas Defendants' motion for summary judgment that reference Exhibit 150.  (*Id*.)

## III.    JOINT MOTION FOR EXTENSION OF TIME TO FILE JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS (ECF No. 253)

Parties filed a joint motion requesting extension of time for their Joint Statement of Undisputed Material Facts. (ECF No. 253).  Since Parties met, conferred, and agreed upon an extension, the Court finds good cause to **GRANT** the joint motion.  (ECF No. 253.)  Parties must submit their Joint Statement of Undisputed Material Facts **on or before February 20, 2026**.

## IV.    CONCLUSION

For the reasons discussed, the Court **VACATES AS MOOT** Plaintiff's prior motion for summary judgment.  (ECF No. 204.)

Next, the Court **GRANTS IN PART** and **DENIES IN PART** Atlas Defendants' request to seal Exhibit 150, by redacting only specific dollar amounts and numerical values

23cv313

relating to Defendants DiRoberto's and Petersen's tax contributions.  (ECF No. 233.)  The Court also **DENIES** Atlas Defendants' request to redact portions of Plaintiff's memorandum in support of its opposition to Atlas Defendants' motion for summary judgment that reference Exhibit 150.  (ECF No. 233)

If either Party wishes to file a renewed motion to seal for the denied requests, they may do so no later than **March 11, 2026**, after the issuance of this order.  Otherwise, Parties are instructed to file the unredacted versions of the aforementioned documents as directed by the Court in this Order on the public docket no later than **March 11, 2026**.  Parties shall publicly file on CM/ECF as a "Notice Regarding Exhibit Attachment" revised versions of these documents with only those redactions that the Court has approved.  When filing the documents on the public docket, Parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual.  Non-compliance with this order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1.  Further, the Clerk of Court shall **ACCEPT** and **FILE UNDER SEAL** any documents accompanying ECF No. 234.

Lastly, the Court **GRANTS** Parties' joint motion for extension of time to file their Joint Statement of Undisputed Material Facts.  (ECF No. 253.)   Parties must submit their Joint Statement of Undisputed Material Facts **on or before February 20, 2026**.

**IT IS SO ORDERED.**

**DATED: February 11, 2026**

_Cynthia Bashant_
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 10 -

23cv313