**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STRATICS NETWORKS INC., *et. al.*,<br><br>Defendants. | Case No. 23-cv-00313-BAS-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 191); AND**<br><br>**(2) APPROVING AND ADOPTING REPORT AND RECOMMENDATION (ECF No. 256)** |

Pending before the Court are Plaintiff United States of America's motion for sanctions ("Sanctions Motion") (ECF No. 191) and a Report and Recommendation issued by United States Magistrate Judge Karen S. Crawford ("R & R"). (ECF No. 256.) For the reasons below, the Court **GRANTS IN PART** Plaintiff's motion for sanctions. (ECF No. 191.) The Court also **ADOPTS** the R & R. (ECF No. 256).

**I.      BACKGROUND**

On August 29, 2025, Plaintiff filed its Sanctions Motion asserting that Defendants Atlas Marketing Partners, Inc. ("Atlas Marketing"), Atlas Investment Ventures, LLC

- 1 -

23cv313

("Atlas Investment"), Tek Ventures d/b/a Provident Solutions ("Provident Solutions"), Eric Petersen ("Petersen"), and Todd DiRoberto ("DiRoberto") (collectively, "Atlas Defendants") violated Federal Rule of Civil Procedure ("Rule") 37(b) by failing to produce certain call recordings with customers.  (ECF No. 191.)  Atlas Defendants opposed Plaintiff's Sanctions Motion.  (ECF No. 194.)  Plaintiff filed a reply.  (ECF No. 196.)

On November 3, 2025, the Honorable Chief Judge Bashant referred Plaintiff's Sanctions Motion to the Honorable Judge Crawford for Report and Recommendation. (ECF No. 216.)

Plaintiff's memorandum in support of its Sanctions Motion included a footnote stating that Rule 37(e) allows for sanctions for similar conduct pursuant to the court's inherent authority.  (ECF No. 191-1 at 16 n. 6.)  On December 3, 2025, Plaintiff filed a motion in support of Rule 37(e) sanctions (ECF No. 222) in response to Judge Crawford's order for Parties to file supplemental briefing on whether Atlas Defendants' conduct also violated Rule 37(e).  (ECF No. 216.)  Atlas Defendants responded.  (ECF No. 223.)

## II.    DISCUSSION

District judges review *de novo* those portions of the R & R to which objections are made.  28 U.S.C. § 636(b)(1).  They may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report).  "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."  *Reyna-Tapia*, 328 F.3d at 1121.  This rule of law is well-established within the Ninth Circuit and this district.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the

R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting R & R in its entirety without review because neither party filed objections to the R & R despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004).

In this case, Judge Crawford issued the R & R (ECF No. 256) on February 13, 2026, recommending that this Court grant Plaintiff's Sanctions Motion (ECF No. 191). The time for filing objections expired on February 27, 2026. [1]  (ECF No. 256 at 20:6-8.) Both parties are represented by counsel.  Neither party has filed any objections nor requested additional time to do so.  Hence, the Court may adopt the R & R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121.

Nonetheless, having conducted a review of the R & R, the Court concludes that Judge Crawford's reasoning is sound and correct in recommending that this Court grant in part, Plaintiff's Sanctions Motion.  (ECF No. 256.)

**A.    Rule 37(b)**

In Plaintiff's Sanctions Motion, Plaintiff moves for sanctions under Federal Rule of Civil Procedure 37(b) against Atlas Defendants.  (ECF No. 191.)  Plaintiff bases its claims on Atlas Defendants' failure to preserve certain call recordings, despite having notice that those call recordings are pertinent to the instant lawsuit and an underlying FTC investigation, and Atlas Defendants' failure to timely notify Plaintiff of the deleted call recordings.  (*See* ECF No. 191-1 at 17:23–20:13; 256 at 9:1-9.)

Rule 37(b) prohibits Atlas Defendants' failure to obey discovery orders.  *See* Fed. R. Civ. P. 37(b)(2)(A).  Here, Atlas Defendants have violated two discovery orders in this action—one issued on March 20, 2025 (ECF No. 139) and on June 16, 2025 (ECF No. 167)—by failing to produce the relevant call recordings.  (*See* ECF No. 256 at 7:13–8:15,

---

[1] The Court notes it has preliminarily reviewed Atlas Defendants' motion to withdraw and amended motion to withdraw.  (ECF Nos. 258, 259.)  Though the Court refrains from ruling on that motion at this time, it finds that Atlas Defendants' motions to withdraw do not constitute objections to the R & R given that both motions were filed after the deadline to object.

23cv313

17:13-28.)  Thus, the Court adopts the R & R's recommendation that adverse inference sanctions against Atlas Defendants are appropriate under Rule 37(b).  (ECF No. 256 at 18:16-28.)

**B.    Rule 37(e)**

Rule 37(e) prohibits Atlas Defendants' spoliation of electronically stored information ("ESI") resulting in prejudice to Plaintiff, and subsequently permits the Court to impose sanctions "no greater than necessary to cure the prejudice" upon finding Atlas Defendants "acted with intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(1)-(2).  Here, Plaintiff will be unable to obtain evidence necessary for its case (*i.e.*, the only phone recordings of live calls Atlas Defendants made to consumers) and Atlas Defendants have not met their burden of showing Plaintiff was not prejudiced by their failure to preserve the recordings.  (*See* ECF No. 256 at 11:4–17:2.)  Further, Atlas Defendants have not sufficiently demonstrated intent to take affirmative steps in accordance with their duty to preserve the recordings (*id*. at 12:15–16:5).  *See also These Ponies Are Miserable v. City of Los Angeles*, No. 2:23-CV-08330-HDV-SK, 2025 WL 3248690, at *6 (C.D. Cal. Nov. 7, 2025) (citing Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment) ("[D]uty to preserve can include taking affirmative steps to preserve electronically-stored information, such as suspending auto-delete systems").  Accordingly, the Court adopts the R & R's recommendation that adverse inference sanctions against Atlas Defendants are appropriate under Rule 37(e)(2).  (*See* ECF No. 256 at 16:1–17:2.)

**II.    CONCLUSION**

In light of the foregoing, the Court **APPROVES** and **ADOPTS IN ITS ENTIRETY** the R & R (ECF No. 256), and **GRANTS IN PART** Plaintiff's Sanctions Motion (ECF No. 191).  *See* 28 U.S.C. § 636(b)(1).

The Court shall give a rebuttable adverse inference instruction at trial that the jury must presume that the AWS data, specifically the recordings of live debt relief calls, was unfavorable to the Atlas Defendants, with the specific language of the instruction to be

- 4 -

23cv313

decided by the Court at the pretrial conference.

In the course of adjudicating any pre-trial, trial, and post-trial motions, the Court should presume that the data Atlas Defendants electronically stored and lost, specifically the recordings of debt relief calls, contained information unfavorable to the Atlas Defendants.

Lastly, Plaintiff may make an application for reasonable attorney's fees and costs related to the spoliation.

**IT IS SO ORDERED.**

**DATED: March 3, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 5 -

23cv313