UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STRATICS NETWORKS INC., *et. al*,<br><br>Defendants. | Case No. 23-cv-00313-BAS-KSC<br><br>**ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION TO WITHDRAW AS COUNSEL AND STAY ACTION (ECF No. 259)** |

Presently before the Court is a motion for Sean Flynn of Gordan Reese Scully Mansukhani ("GRSM")—as counsel of record for Defendants Atlas Marketing Partners, Inc., Atlas Investment Ventures, LLC, Tek Ventures, LLC, Eric Petersen, and Todd DiRoberto ("Atlas Defendants")—to withdraw as counsel and to stay proceedings ("Motion"). (ECF No. 259.) For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. (*Id*.)

I.      DISCUSSION

A.      **Request to Withdraw Attorney**

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. *See La Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Stewart v. Boeing Co*., No. CV 12-5621

- 1 -

RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); *Deal v. Countrywide Home Loans*, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Courts routinely permit counsel to withdraw when a client refuses to pay attorneys' fees. *See, e.g., Holandez v. Ent., LLC*, No. EDCV 21-1755 JGB (SHKx), 2023 WL 8114882, at *3 (C.D. Cal. Sept. 7, 2023) ("[I]t is true that the failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw."); *see also Medina v. Boeing Co.*, No. SACV20304JVSJEMX, 2022 WL 16949670, at *3 (C.D. Cal. May 9, 2022) ("[T]he Court cannot require [counsel] to continue representation when . . . a client is not paying her bills.").

Here, Atlas Defendants have not paid GRSM. (ECF No. 259-1 at 3:13-28.) GRSM was retained by Vela Insurance to represent Atlas Defendants, and the insurance policy paying fees to GRSM has eroded. (*Id.*) GRSM made numerous efforts to enter into an agreement with Atlas Defendants for payment of outstanding invoices—which Atlas Defendants have refused. (*Id.*) Thus, good cause exists for GRSM to withdraw.

In addition, withdrawal is unlikely to cause harm to other litigants and the administration of justice. *See Deal*, 2010 WL 3702459, at *2. Plaintiff states:

> Neither Plaintiff nor the Ace Defendants (Defendants Ace Business Solutions, LLC and Sandra Barnes together) [who are the remaining litigants in this action] take any position on the withdrawal request itself, except Plaintiff notes that any withdrawal by GRSM should not prevent it from being found responsible for paying Plaintiff's attorney's fees in connection with spoliation sanctions, and that . . . Atlas Defendants would need to engage new counsel to represent them in this case if GRSM withdraws.

- 2 -

23cv313

(ECF No. 263 at 2:10-15.)   As pointed out by Plaintiff, this Court has adopted Judge Crawford's Report and Recommendation, which explains that Rule 37(b)(2)(C) provides for "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." (*See* ECF No. 263 at 9:1-11 (quoting ECF No. 256 at 19).)   The Court agrees and further finds that—as a matter of law—granting withdrawal does not relieve GRSM of any obligation to pay attorney's fees in connection with sanctions issued prior to GRSM's withdrawal.  *See Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) ("The fact that [an attorney] was allowed to withdraw as counsel ... does not protect him from sanctions based on a filing that he made before that withdrawal.")   Since GRSM is still liable for paying fees associated with sanctions regardless of withdrawal, allowing GRSM to withdraw is unlikely to cause harm to other litigants and the administration of justice.

The Court is also aware that withdrawal of counsel at this late stage (with pending motions for summary judgment) could delay the resolution of the case and cause prejudice to other litigants in this action.   However, given that other litigants in this action have indicated that they do not have a position on GRSM's request to withdraw and that the Court separately evaluates other litigants' interests in deciding on Atlas Defendants' request to stay the action below, "this is a situation where the good cause for withdrawal outweighs other considerations."  *Medina*, 2022 WL 16949670, at *3 (finding the same despite attorney withdrawal at late stage in proceeding).   Thus, the Court **GRANTS** GRSM's request to withdraw.  (ECF No. 259.)

### B.    Request to Indefinitely Stay Proceedings

The decision to grant a stay is "generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  A court's power to "stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  When a party seeks to stay the proceedings, the court must weigh "the

23cv313

competing interests which will be affected by the granting or refusal to grant a stay,' "

including:

(1) the possible damage which may result from the granting of a stay,

(2) the hardship or inequity which a party may suffer in being required to go forward, and

(3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).   "The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).  A stay must be of a fixed duration unless a "pressing need" for a more indefinite period is demonstrated.  *Landis*, 299 U.S. at 255.

Here, the request for stay in the Motion implies that, absent the Court staying this action, Atlas Defendants may suffer hardship or inequity if the case were to proceed and they are unable to retain successor counsel in the event the attorney withdrawal request is granted (ECF No. 259-1 at 4–5).  *See Lockyer*, 398 F.3d at 1110 (courts must consider the "hardship or inequity" the movant may suffer in being required to go forward).

On the other hand, Plaintiff's opposition points out that stay will hurt other litigants—as Plaintiff could be delayed in obtaining monetary and injunctive relief, other Defendants in the case wish to resolve the case (*e.g.*, by filing their motion for summary judgment early and opposing Defendants' motions to extend briefing schedule), and both Plaintiff and other Defendants have invested considerable resources into pursuing this litigation for years (ECF No. 263 at 6:10–7:9).  *See Lockyer*, 398 F.3d at 1110 (courts must consider the "possible damage" that would result from granting stay); *see also Perez v. Cnty. of Los Angeles*, No. CV1509585SJOFFMX, 2016 WL 10576622, at *3 (C.D. Cal. May 3, 2016) ("Plaintiffs have a significant interest in obtaining resolution of their claims and receiving compensation if they prove they are entitled to it.").

23cv313

In addition, Atlas Defendants have not presented any reasoning why the "orderly course of justice" would require staying the present action. *See Lockyer*, 398 F.3d at 1110. Atlas Defendants have made clear their request to stay is primarily driven by a need to find a successor counsel, not to simplify legal or evidentiary issues in the case or to conserve judicial resources.

Relatedly, staying the present action—especially an indefinite stay—would hinder judicial efficiency. *Cf Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1980)) (the district court "ha[s] an interest in clearing its docket."); *see also Landis*, 299 U.S. at 254 ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In sum, the Court finds that the only factor favoring stay is hardship suffered by Atlas Defendants due to lack of counsel. However, staying the action does not outweigh the possible damage to other litigants that may result from granting stay and does not serve the orderly or efficient administration of justice.

As such, the Court denies Atlas Defendants' request for infinite stay and instead, **GRANTS IN PART** stay for two weeks until **March 27, 2026** to permit Atlas Defendants to retain successor counsel. (ECF No. 259.)

## II.    CONCLUSION

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Atlas Defendants' Motion. (ECF No. 259.)

GRSM's request to withdraw as counsel is **GRANTED**. (*Id*.) Additionally, Atlas Defendants' request for staying the case is **GRANTED IN PART** until **March 27, 2026** to permit Atlas Defendants to retain successor counsel.

**IT IS SO ORDERED.**

**DATED: March 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

23cv313