**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>    v.<br><br>STRATICS NETWORKS INC., *et. al*,<br><br>                                   Defendants. | Case No. 23-cv-00313-BAS-KSC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO SEAL**<br><br>**(ECF No. 264)** |

Presently before the Court is Defendants' Atlas Marketing Partners, Inc., Atlas Investment, LLC, Tek Ventures, LLC, Todd DiRoberto, and Eric Petersen ("Atlas Defendants") renewed motion to seal (ECF No. 264).  For the reasons below, the Court **DENIES** Atlas Defendants' motion (*id*).

**I.     BACKGROUND**

On February 16, 2023, Plaintiff initiated this action against Defendants ACE Business Solutions LLC, Atlas Investment Ventures LLC, Atlas Marketing Partners, Inc., Sandra Barnes, Todd DiRoberto, Kurt Hannigan, Netlatitude, Inc., Eric Petersen, Tek Ventures, LLC (collectively, "Defendants"), Kenan Azzeh, Kasm, and Stratics Networks Inc. ("Stratics").  (ECF No. 1.)  On February 23, 2023, Plaintiff and Defendants Kasm and Kenan Azzeh entered into a joint stipulated order terminating the case against Defendants Kasm and Kenan Azzeh.  (ECF No. 4.)  On March 6, 2024, the Court granted (ECF No.

- 1 -

71) Stratics' motion to dismiss (ECF No. 50) with prejudice, but denied Defendants Atlas Investment Ventures LLC's and Atlas Marketing Partners, Inc.'s motion to dismiss (ECF No. 45) and Defendant Ace's motion to dismiss (ECF No. 42).  Eventually, in September and October of 2025, Plaintiff (ECF No. 204) and the majority of remaining Defendants filed motions for summary judgment—including Defendants ACE Business Solutions, LLC and Sandra Barnes (ECF No. 197), Defendant Atlas Marketing Partners, Inc. (ECF No. 199), Defendant Tek Ventures, LLC (ECF No. 200), Defendant Atlas Investment Ventures, LLC (ECF No. 201), and Defendants Todd DiRoberto and Eric Petersen (ECF No. 209).

Various motions to seal accompanied these motions for summary judgment.  (ECF Nos. 202, 205, 233, 264).  Relevant to deciding ECF No. 264, the Court previously granted in part and denied in part Atlas Defendants' motion to seal Exhibit 150 (ECF No. 233)—granting sealing the numerical values, and denying sealing expository tax advice (ECF No. 254).

## II.     LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'"  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access.  *Foltz*, 331 F.3d at 1135. The showing required to meet this burden

depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

Courts within this Circuit have commonly held that "personally identifiable information" or "PII" should be sealed to protect individual person's privacy and to safeguard individuals against risk of improper use upon disclosure. *See Morton v. Cnty. of San Diego*, No. 21-CV-1428-MMA-DDL, 2024 WL 3205395, at *1 (S.D. Cal. June 26, 2024); *see also Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including a home address, phone number, and email address).

Courts within this Circuit have also regularly sealed "'information such as IRS filings and tax returns of particular individuals' . . . even under the higher compelling reasons standard," if the information is not relevant to the claims at issue. *Wang v. Kahn*, 2022 WL 14814116, at *1 (N.D. Cal. Oct. 25, 2022) (quoting *Hall v. Cultural Care USA*, 2022 WL 2905353, at *10 (N.D. Cal. July 2022)); *see also Delashaw v. Seattle Times Co.*, 2020 WL 6818720, at * (W.D. Wash. May 28, 2020) (denying application to seal tax returns relevant to the plaintiff's claims but granting application to seal irrelevant tax returns pursuant to public policy of encouraging taxpayers to file accurate returns); *Lindsey v. Elsevier Inc.*, 2017 WL 4518483, at *6 (S.D. Cal. Oct. 10, 2017) ("[A] public policy

- 3 -

against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.") (quoting *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)).

Importantly, under the "compelling reasons" standard, "[t]he proponent of sealing bears the burden with respect to sealing. . . [a] failure to meet that burden means that the default posture of public access prevails." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, [also] does not satisfy the [sealing] burden." *Kamakana*, 447 F.3d at 1184. Likewise, "an unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." *Cyprus Semiconductor Corp.*, 2020 WL 11567020, at *2 (quoting *Hodges v. Apple, Inc.*, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)) (internal quotation marks and alterations omitted). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of the "relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## III. ANALYSIS

### A. Related Documents More Than Tangentially Related to Merits

Atlas Defendants' proposed document to seal, Exhibit 150 (ECF No. 264), is discussed in Plaintiff's memorandum in support of Plaintiff's opposition to Atlas Defendants' motions for summary judgment (ECF No. 234). Thus, Exhibit 150 is relevant for determining the merits of this case. *See Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-CV-555-L-NLS, 2018 WL 11457880, at *1 (S.D. Cal. Nov. 5, 2018) ("The compelling reasons standard applies to all motions except those that are only 'tangentially related to the merits of a case.'. . . Defendants' summary judgment motion is more than tangentially related to the merits") (citing *Kamakana*, 447 F.3d at 1179). As such, the Court finds Plaintiff's motion to seal (ECF No. 233) is subject to the "compelling reasons" standard in *Kamakana*, 447 F.3d at 1179.

**B.    Analysis of 'Compelling Reasons"**

Here, Atlas Defendants argue that Exhibit 150 should be sealed since it is an email containing "shareholders contributions, retirement account information, and education saving account information" of Defendants DiRoberto and Petersen, and constitutes confidential personalized tax advice that is not typically shared with the public. (ECF No. 264 at 5:16-26.)    The Court previously denied sealing Exhibit 150 in its entirety because it found that Exhibit 150 is relevant for determining the merits of the case and thus, tax information should not be sealed under 26 U.S.C. § 6103(h)(4)(A)-(B).  (ECF No. 154 at 8:18-24.)  Atlas Defendants now assert that § 6103 is inapplicable since the information in Exhibit 150 is not derived from a tax return; and contends the Court should instead apply § 7525 to find that Exhibit 150 is subject to privilege akin to attorney-client privilege.  (ECF No. 264 at 3:14-25.)

The Court agrees that personalized tax advice may be sealable under 26 U.S.C. § 7525(a)(3)(B) under privilege comparable to attorney-client privilege for taxpayer communications with tax practitioners.  *See Baldwin v. United States*, No. 817MC00027CJCKESX, 2018 WL 4372560, at *7 (C.D. Cal. June 14, 2018), *report and recommendation rejected on other grounds*, No. 817MC00027CJCKESX, 2018 WL 4372553 (C.D. Cal. Aug. 1, 2018) (finding "disclosure of the E&Y Memos is inappropriate unless (1) a waiver exists, or (2) the crime-fraud exception applies" because personalized tax advice is privileged under § 7525).

However, the tax practitioner privilege in § 7525 does not apply to "communications regarding the preparation of tax returns."  *United States v. McEligot*, No. 14-cv-05383-JST, 2015 WL 1535695, at *6 (N.D. Cal. Apr. 6, 2015); *see also United States v. Burga*, No. 18CV01633BLFSVK, 2019 WL 3859157, at *5 (N.D. Cal. Aug. 16, 2019).  Here, it appears that Exhibit 150 is an email from Altas Defendants' tax advisor to Atlas Defendants analyzing shareholder loan information in tax returns from at least 2020 to 2022 in preparation for correctly filing tax returns based on loan information in 2023.  (*See*

23cv313

ECF No. 234-1.)  Thus, the Court **DENIES** Atlas Defendants' request for Exhibit 150 in its entirety.  (ECF No. 264.)

## IV.   CONCLUSION

For the reasons above, the Court **DENIES** Atlas Defendants' request for Exhibit 150 in its entirety.  (ECF No. 264.)

If Atlas Defendants wish to file a renewed motion to seal regarding their denied requests in ECF No. 264, they may do so no later than **April 1, 2026**, after the issuance of this order.

Otherwise, Atlas Defendants are instructed to file the versions of the aforementioned documents in ECF No. 264 as directed by the Court in this Order and in ECF No. 254 on the public docket no later than **April 1, 2026**.[1]  Parties shall publicly file on CM/ECF as a "Notice Regarding Exhibit Attachment" revised versions of these documents with only those redactions that the Court has approved.  When filing the documents on the public docket, Parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual.  Non-compliance with this order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1.

**IT IS SO ORDERED.**

**DATED: March 19, 2025**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

---

[1] The Court maintains its prior ruling to seal numerical values in Exhibit 150.  (*See* ECF No. 254 at 8:4-12.)

- 6 -

23cv313