# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>STRATICS NETWORKS INC., *et. al*.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 23-cv-00313-BAS-KSC<br><br>**ORDER:**<br><br>**(1) ENTERING DEFAULT AGAINST DEFENDANTS WITHOUT PREJUDICE; AND**<br><br>**(2) STRIKING WITHOUT PREJUDICE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 199, 200, 201)** |

Pending before the Court are Defendants' Atlas Marketing Partners, Inc., Tek Ventures, LLC, and Atlas Investment Ventures, LLC ("Atlas Corporate Defendants") motions for summary judgment.  (ECF Nos. 199, 200, 201.)

For the reasons below, the Court **ENTERS DEFAULT** against Atlas Corporate Defendants **WITHOUT PREJUDICE**.  In addition, the Court also **STRIKES WITHOUT PREJUDICE** Atlas Corporate Defendants' motions for summary judgment. (ECF Nos. 199, 200, 201.)

## I. BACKGROUND

On February 16, 2023, Plaintiff United States of America Department of Justice filed a complaint against Defendants ACE Business Solutions LLC, Atlas Investment Ventures LLC, Atlas Marketing Partners, Inc. ("Atlas Marketing"), Kenan Azzeh, Sandra Barnes, Todd DiRoberto, Kurt Hannigan, Kasm, Netlatitude, Inc. ("Netlatitude"), Eric Petersen, Stratics Networks Inc., and Tek Ventures, LLC ("Provident Solutions").  (ECF No. 1.) Plaintiff brings this action under its authority to enforce Section 5(a) of the Federal Trade Commission Act ("Section 5 of the FTC Act"), 15 U.S.C. § 45(a), which prohibits "unfair or deceptive acts or practices in or affecting commerce."  (*Id*. ¶ 125.)

Relevant to this Order, Atlas Corporate Defendants moved for summary judgment. (ECF Nos. 199, 200, 201.)  Several months later, the Court granted withdrawal of Atlas Corporate Defendants' counsel.  (ECF Nos. 264, 265.)  The Court ordered Atlas Corporate Defendants to find new counsel by March 27, 2026.  (ECF No. 265.)  Over a month later, Atlas Corporate Defendants have still not obtained counsel.

## II.    DISCUSSION

"Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney."  CivLR 83.3(j).  "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3."  *Id.*; *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.... [T]hat rule applies equally to all artificial entities."); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder); *Greenspan v. Admin. Office of the U.S. Courts*, No. 14cv2396 JTM, 2014 WL 6847460, at *6 (N.D. Cal. Dec. 4, 2014) (dismissing corporate plaintiffs for failure to obtain legal representation).

23cv313

Here, Atlas Corporate Defendants have failed to obtain counsel by the date that the Court ordered Atlas Corporate Defendants to secure counsel.  (ECF No. 265.)  As such, the Court **ENTERS DEFAULT** against Atlas Corporate Defendants **WITHOUT PREJUDICE**.  If Plaintiff chooses to move for default judgment, Plaintiff must do so in accordance with Civil Local Rule 55.1 and Federal Rule of Civil Procedure 55.

Since the Court directs the Clerk of Court to enter default against Atlas Corporate Defendants, the Court also **STRIKES WITHOUT PREJUDICE** Atlas Corporate Defendants' motions for summary judgment (ECF Nos. 199, 200, 201).  *See Lexar Media, Inc. v. Pretec Elecs. Corp.*, No. C00-04770 MJJ, 2007 WL 1449749, at *1 (N.D. Cal. May 14, 2007) ("Because C-One and Pretec cannot continue to litigate this action in federal court without counsel, the Court STRIKES WITHOUT PREJUDICE their pending Motion For Summary Judgment of Invalidity.").

**III.  CONCLUSION**

For the reasons above, the Court **ENTERS DEFAULT** against Atlas Corporate Defendants **WITHOUT PREJUDICE**.  In addition, the Court also **STRIKES WITHOUT PREJUDICE** Atlas Corporate Defendants' motions for summary judgment. (ECF Nos. 199, 200, 201.)

**IT IS SO ORDERED.**

**DATED: May 1, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

23cv313