**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>NETLATITUDE, INC. *et al.*,<br>Defendants. | Case No. 23-cv-00313-BAS-GC<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION (ECF No. 288)** |

Pending before the Court is Plaintiff United States of America's motion for reconsideration ("Motion") (ECF No. 288) of the Court's Order on the Parties' Motions for Summary Judgment ("Order") (ECF No. 281). Parties fully briefed Plaintiff's Motion. (*See* ECF Nos. 292, 295.)

For the reasons below, the Court **DENIES IN PART** Plaintiff's Motion regarding Plaintiff's request for reconsideration. (ECF No. 288.) However, the Court **GRANTS IN PART** Plaintiff's Motion regarding Plaintiff's request for clarification. (*Id.*)

## I. LEGAL STANDARD

Motions for reconsideration are within the discretion of the trial court. *See Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Under Civil Local Rule 7.1.i, a party may apply for reconsideration when a "motion or any application or petition for an order or other relief has been made to a judge and has been refused in whole or in part." CivLR 7.1.i.1. On a motion to reconsider, relief should be granted only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or [its] initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Singleton v. Kernan*, No. 16-CV-02462-BAS-NLS, 2017 WL 4922849, at *2 (S.D. Cal. Oct. 31, 2017). A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled. *Id.*

Clear error does not exist where the issue is merely "a debatable one." *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999). Instead, a finding of clear error is appropriate only where the Court is left with the "definite and firm conviction" that a mistake has been committed. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2015 WL 1478636, at *2 (N.D. Cal. Mar. 31, 2015). "[T]he courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *Raya v. Calbiotech*, No. 3:18-CV-2643-WQH-AHG, 2019 WL 11504688, at *3 (S.D. Cal. Nov. 26, 2019) (collecting cases). The manifest injustice ground, which "requires that the error be apparent to the point of being

indisputable[,] . . . is not meant to allow a disappointed litigant to attempt to persuade the court to change its mind." *Id.*

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("a motion for reconsideration should not be granted, absent highly unusual circumstances").

## II. ANALYSIS

### A. The Court Did Not Improperly Find Triable Issues Regarding Whether Ace Defendants Qualify as a "Telemarketer" or "Seller" Based on "Telemarketing" Activity under the TSR

Under the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.4(a)(5)(i), "sellers" and "telemarketers" are prohibited from requesting or receiving fees for any "debt relief service" until (1) they have renegotiated or altered a debt on behalf of a consumer, and (2) the consumer has made at least one payment under the altered terms of their loans. 16 C.F.R. § 310.4(a)(5)(i)(A)–(B).

A "seller" is "any person who, *in connection with* a *telemarketing* transaction, provides, offers to provide, or arranges for others to provide goods or services [*i.e.*, debt validation letters] to the customer in exchange for consideration [*i.e.*, monthly payments]." 16 C.F.R. § 310.2(ee) (emphasis added). A "telemarketer" is "any person who, in connection with *telemarketing*, initiates or receives telephone calls to or from a customer or donor." 16 C.F.R. § 310.2(hh) (emphasis added).

"Telemarketing" is "a *plan, program, or campaign* which is *conducted to induce* the purchase of goods or services . . . by use of one or more telephones and which involves more than one interstate telephone call." 16 C.F.R. § 310.2(ii) (emphasis added).

Notably, the definitions of both "seller" and "telemarketer" require assessing whether the person engaged in "telemarketing." 16 C.F.R. §§ 310.2(ee), (hh), (ii).

The Court previously found that triable issues remained as to whether Sandra Barnes and Ace Business Solutions, LLC (collectively, "Ace Defendants") engaged in "telemarketing" because it was disputed whether Ace Defendants "induce[d]" Provident Solutions Program consumers' enrollment, and thus, denied Plaintiff's motion for summary judgment on Count 6 (16 C.F.R. § 310.4(a)(5)(i)(A)–(B)).

Plaintiff asserts the Court interpreted the plain text of the TSR incorrectly. More specifically, Plaintiff argues the phrase "in connection with" in the TSR definitions of "seller" and "telemarketer," 16 C.F.R. § 310.2(ee), (hh), extends those definitions beyond the party conducting the inducement to any actor who had "some relationship" to inducement. (ECF No. 288-1 at 10:4–12:13.) Plaintiff also argues the terms "plan," "program," and "campaign" extend "telemarketer" liability beyond the party conducting the actual inducement. (ECF No. 288-1 at 12:14–13:7.)

For the reasons stated below, the Court finds no clear error was committed.

**B. The Court Did Not Improperly Find That Triable Issues Regarding Ace Defendants' Contact with Consumers Translate to Triable Issues as to Whether Ace Defendants Are "Sellers" under the TSR**

Under the TSR, a "seller" is "any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration." 16 C.F.R. § 310.2(ee). Based on the text of the TSR definition of "seller," Plaintiff argues in its Motion that the TSR does not require a "seller" to engage in telemarketing or inducement. (ECF No. 288-1 at 14:8–17:5.) According to Plaintiff in its Motion, "providing" or "arranging for others to provide goods or services . . . do not necessarily require any contact with a consumer at all, let alone any inducement or telemarketing"—so the Court erred in finding Plaintiff needed to show Ace Defendants induced consumers' purchases as part of a telemarketing campaign. (*Id.*) Plaintiff's argument fails for two reasons.

First, Plaintiff did not advance that theory at summary judgment. In both its own motion and its opposition to Ace Defendants' motion, Plaintiff argued only that Ace

Defendants "offered to provide the Provident Program" and "provided Provident customers with a service." (ECF Nos. 213-1 at 38:1–8, 232 at 9:13–13:8.) Plaintiff never argued that Ace Defendants arranged for others to provide debt relief services. The Court even explicitly stated in its Order: "given that Plaintiff has not proposed that Ace Defendants are 'sellers' by virtue of 'arranging for others' to sell services, the Court does not rule upon this issue." (ECF No. 281 at 44 n.4.) A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Court therefore declines to consider Plaintiff's new "arranging" theory.

Second, even assuming a "seller" need not personally engage in telemarketing or induce a consumer's purchase, Plaintiff has not shown the Court committed a clear error in its prior Order because the prior Order held Ace Defendants' role in the Provident Solutions Program is factually disputed. (*See* ECF No. 281 at 40:13–46:13.) More specifically, it is disputed whether consumers already completed enrollment in the Provident Solutions Program prior to their Quality Control call with Ace Defendants, whether the Quality Control call script directing Ace Defendants to refer questions to Atlas Defendants means Ace Defendants play an active role in enrolling consumers, and whether Ace Defendants' retention calls with consumers were made with the purpose of ensuring they stayed enrolled in the Provident Solutions Program, and thus whether Ace Defendants arranged for others to sell services. (*Id.*) Since factual issues regarding Ace Defendants' customer involvement remain (including whether Ace Defendants induced customer purchases of the Provident Solutions Program), Plaintiff has not shown the Court clearly erred in finding that triable issues remain as to whether Ace Defendants were "sellers" who "provide" or "offer to provide" debt relief services.

**C. Clarification Order**

Where there is a question about the terms of an injunction, "the proper approach would be to seek modification or clarification." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003) (citations omitted). Injunctive orders

are construed narrowly. *See Abbot Labs. v. Torpharm, Inc.*, 503 F.3d 1372, 1382–83 (Fed. Cir. 2007). Because "only those acts specified by the order will be treated as within its scope and . . . no conduct or action will be prohibited by implication, all omissions or ambiguities [in the order] will be resolved in favor of [the enjoined party]." *Id.* at 1383 (citations omitted). Interpreting an injunction to prohibit acts beyond its plain terms is impermissible and in violation of Federal Rule of Civil Procedure 65(d). *Id.* at 1382.

Here, Plaintiff seeks clarification regarding language in the "Conclusion" of the Court's Order on Parties' motions for summary judgment—which erroneously duplicates the word "Debt Relief Services" across its prohibitions on Atlas Defendants' telemarketing and debt relief services. (ECF No. 281 at 48:4–17.)

The Court **GRANTS** Plaintiff's request for clarification and confirms injunctive relief against Atlas Defendants for both a permanent ban on debt relief services and telemarketing. *De La O v. Arnold-Williams*, No. CV-04-0192-EFS, 2007 WL 1662371, at *2 (E.D. Wash. June 4, 2007) ("Defendant also presents four grounds for 'clarification' as opposed to reconsideration; the fourth ground for clarification concerns typographical errors and is granted.") The Court clarifies the scope of its awarded relief in ECF No. 281 at 48:4–17 as follows in bolded text:

1. **Permanent Ban on Debt Relief Services**: Atlas Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, providing, or requesting or receiving payment for any Debt Relief Service, or assisting others in advertising, marketing, promoting, offering for sale, providing, or requesting or receiving any payment for any Debt Relief Service.
2. **Permanent Ban on Telemarketing**: Atlas Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, providing, or requesting

or receiving payment for any ~~**Debt Relief Service**~~ **Telemarketing**, or assisting others in advertising, marketing, promoting, offering for sale, providing, or requesting or receiving any payment for any ~~**Debt Relief Service**~~ **Telemarketing**.

## III. CONCLUSION

For the reasons above, the Court **DENIES IN PART** Plaintiff's Motion regarding Plaintiff's request for reconsideration. (ECF No. 288.) However, the Court **GRANTS IN PART** Plaintiff's Motion regarding Plaintiff's request for clarification. (*Id.*)

**IT IS SO ORDERED.**

**DATED: October 15, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**