**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>NETLATITUDE, INC. *et al.*,<br>Defendants. | Case No. 23-cv-00313-BAS-GC<br><br>**ORDER DENYING ACE DEFENDANTS' MOTION FOR RECONSIDERATION (ECF No. 286)** |

Pending before the Court is Defendants Ace Business Solutions, LLC's and Sandra Barnes' ("Ace Defendants") motion for reconsideration ("Motion") (ECF No. 286) of the Court's Order on the Parties' Motions for Summary Judgment (ECF No. 281). Parties fully briefed Ace Defendants' Motion. (ECF Nos. 290, 294.) For the reasons below, the Court **DENIES** Ace Defendants' Motion. (ECF No. 286.)

## I. LEGAL STANDARD

Motions for reconsideration are within the discretion of the trial court. *See Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Under Civil Local Rule 7.1.i, a party may apply for reconsideration when a "motion or any application or petition for an order

or other relief has been made to a judge and has been refused in whole or in part." CivLR 7.1.i.1. On a motion to reconsider, relief should be granted only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or [its] initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Singleton v. Kernan*, No. 16-CV-02462-BAS-NLS, 2017 WL 4922849, at *2 (S.D. Cal. Oct. 31, 2017). A motion for reconsideration is not an avenue to relitigate the same issues and arguments upon which the court has already ruled. *Id.*

Clear error does not exist where the issue is merely "a debatable one." *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999) (en banc). Instead, a finding of clear error is appropriate only where the Court is left with the "definite and firm conviction" that a mistake has been committed. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2015 WL 1478636, at *2 (N.D. Cal. Mar. 31, 2015). "[T]he courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *Raya v. Calbiotech*, No. 3:18-CV-2643-WQH-AHG, 2019 WL 11504688, at *3 (S.D. Cal. Nov. 26, 2019) (collecting cases). The manifest injustice ground, which "requires that the error be apparent to the point of being indisputable[,] . . . is not meant to allow a disappointed litigant to attempt to persuade the court to change its mind." *Id.*

## II. ANALYSIS

### A. There is Sufficient Evidence Ace Defendants Engaged in "Debt Relief Services"

Under the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.4(a)(5)(i), "sellers" and "telemarketers" are prohibited from requesting or receiving fees for any "debt relief service" until (1) they have renegotiated or altered a debt on behalf of a consumer, and (2)

the consumer has made at least one payment under the altered terms of their loans. 16 C.F.R. § 310.4(a)(5)(i)(A)–(B).

A "[d]ebt relief service" is "any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors." 16 C.F.R. § 310.2(o).

Plaintiff brings a claim under 16 C.F.R. § 310.4(a)(5)(i) against Ace Defendants for their receipt of fees related to the Provident Solutions Program (Count 6). Both Parties moved for summary judgment on Count 6. (ECF Nos. 213-1 at 37:1–42:26; 197 at 10:23–22:5.)

Relevant in this case, 16 C.F.R. § 310.4(a)(5)(i) requires plaintiffs to demonstrate both that: (1) defendant is a "seller" or "telemarketer" under the TSR; and (2) defendant requested or received fees for a "debt relief service". The Court previously held that triable issues remain as to whether Ace Defendants engaged in "telemarketing", and thus, triable issues remain as to whether Ace Defendants were "sellers" or "telemarketers" under the TSR (16 C.F.R. §§ 310.2(ee), (hh)). (ECF No. 281 at 46:8–13.) The Court then reasoned that factual disputes underlying one prong of the conjunctive test in 16 C.F.R. § 310.4(a)(5)(i)(A)–(B) are sufficient to deny Parties' motions for summary judgment on Count 6 altogether. (*Id.*) Ace Defendants move for the Court to reconsider its holding that it "does not need to reach whether Ace Defendants offer 'debt relief services'" defined by 16 C.F.R. § 310.2(o). (ECF Nos. 281 at 14:12–13, 46:8–13; 286 at 5:24–7:8.) Plaintiff United States of America does not oppose. (ECF No. 290 at 2:23–3:15.)

The Court finds Plaintiff has adduced sufficient evidence Defendants received fees for a "debt relief service." Ace Defendants received a portion of fees for their role in the Provident Solutions Program. (*See* Joint Statement of Undisputed Material Facts, ECF No. 257 at 5:14–22 (stating, among other things, that at least two Provident Solutions Program customers made multiple payments to Ace Defendants before Ace Defendants sent any debt validation letters and that customer payments were placed in an Ace bank account).)

The Court already ruled that the Provident Solutions Program was a "debt relief service." (ECF No. 281 at 11:23–27.) More specifically, the Provident Solutions Program (which exclusively sends debt validation letters) qualifies as a "debt relief service," since the Program is "*represented*" to "directly or *by implication* . . . renegotiate, settle, or *in any way alter* the terms of payment or other terms of the debt." 16 C.F.R. § 310.2(o) (emphasis added); *see also United States v. Stratics Networks Inc.*, 721 F. Supp. 3d 1080, 1097 (S.D. Cal. 2024).

Plaintiff and Ace Defendants each moved for summary judgment on Count 6 in its entirety. (ECF Nos. 197, 213-1 at 38:17–42:26.) Given there is sufficient evidence the Ace Defendants received fees for a "debt relief service," the Court did not err in finding that triable issues remain as to the entirety of Plaintiff's Count 6. To the extent Ace Defendants argue all they did was validate debt, that is a suitable issue for the jury to determine. There is evidence that Ace Defendants reiterated Atlas Defendants' representations regarding the Provident Solutions Program, which induced promises of debt relief. (*See, e.g.,* ECF No. 281 at 42:15–17 (finding "the QC call script indicates Ace Defendants' agents made representation[s] about the Provident Solutions Program during the calls" and these agents told customers "all of their accounts will be paid in full" during the QC calls); *see id*. at 45:13–22 (finding "Plaintiff provides accounts by Ace Defendants' agents that they offered reduced payments to consumers who called to cancel the Provident Solutions Program so that they would be able to continue services.").) What Ace Defendants knew about the Provident Solutions Program is an issue better suited to the trier of fact.

**B. Plaintiff's Responses to Ace Defendants' Requests for Admission Are Not Dispositive of "Inducement"**

Ace Defendants also move for the Court to reconsider whether Plaintiff's responses to Ace Defendants' Requests for Admission ("RFAs") 11 and 12 constitute an admission that Ace Defendants did not "induce" consumers to purchase the Provident Solutions

Program, and thus, that Ace Defendants did not engage in "telemarketing" under 16 C.F.R. § 310.2(ii).

First, although Parties did meet and confer regarding filing their respective motions for reconsideration, Ace Defendants did not raise the topic of Plaintiff's RFA responses in particular to Plaintiff prior to filing their Motion. (*See* ECF No. 290 at 4:10–24.) This Court's Standing Order for Civil Cases § 4(A) requires the Parties to "discuss thoroughly . . . the substance of the contemplated motion and any potential resolution" prior to filing a noticed motion. Omitting an entire basis for reconsideration does not constitute thorough discussion of the substance of the motion. This alone is a sufficient basis for denying Ace Defendants' Motion.

Second, the Court finds that RFAs 11 and 12 are not "newly discovered evidence," and thus, are improper grounds for the Court to reconsider its prior Order. *See Estrada v. Gillespie*, 671 F. App'x 646, 647 (9th Cir. 2016) ("The district court did not abuse its discretion by denying Estrada's motion for reconsideration because the evidence Estrada submitted was not newly discovered."); *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211–12 (9th Cir. 1987) (setting forth standard of review and noting that evidence is not newly discovered if it could have been discovered earlier with reasonable diligence).

Third, even if the Court needed to explicitly rule upon the effect of RFAs 11 and 12 on its disposition, the Court did not commit a "clear error," *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263, by declining to find that they constitute an admission that no triable issues remain as to whether Ace Defendants induced consumers to enroll in Provident Solutions Program services. In its responses to RFAs 11 and 12, Plaintiff explicitly "objected that the term 'induced the purchase' . . . [is] vague and ambiguous" and that Plaintiff's responses were "[s]ubject to . . . the for[e]going objections." (ECF No. 197-2 at 5:19–6:11.) Thus, Plaintiff's RFA responses cannot be said to be "conclusive" admissions—and instead, state "why [Plaintiff] cannot truthfully admit or deny [the matter]." Fed. R. Civ. P. 36(a)(4); *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245–

47 (9th Cir. 1981); *Wilson v. McDonald*, No. 2:10-CV-0721 JAM JFM, 2011 WL 2494792, at *2 (E.D. Cal. June 21, 2011).

The Court therefore finds that it did not commit a "clear error," *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263, when denying Ace Defendants' motion for summary judgment. (*See* ECF No. 281.)

**III. CONCLUSION**

For the reasons above, the Court **DENIES** Ace Defendants' Motion. (ECF No. 286.)

**IT IS SO ORDERED.**

**DATED: October 16, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**